**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Aguilera,<br><br>                  Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>                  Respondents. | No. CV-19-01788-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner Eduardo Aguilera's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge John Z. Boyle on October 16, 2019 (Doc. 35). Following a sound analysis, Magistrate Boyle recommended the Petition be denied and dismissed with prejudice. (*Id.* at 12). Petitioner filed an Objection (Doc. 36), and Respondents filed a Response (Doc. 39).[1]

For the reasons discussed below, the Court overrules Petitioner's Objection and adopts Magistrate Judge Boyle's R&R in its entirety.

**I.    The R&R**

Judge Boyle's Report and Recommendation ("R&R") accurately identifies the four

---

[1] Petitioner has also filed a Notice: Declaration of Innocence (Doc. 37); Notice: Acknowledgment of No Confidence (Doc. 38); Notice: 14 Amendment Privileges and Immunities (Doc. 41); Notice re: Release Date (Doc. 43); Notice of Complaint Filed (Doc. 46); two Notices of Declaration of Innocence (Docs. 47 & 48); Notice: Conditions and Terms of Parole: Null and Void (Doc. 51); Notice of Initiation of Notice of Claim (Doc. 54); and Notice of Complaint and Motion for Status Update (Doc. 55) (collectively, "Post-Objection Filings").

grounds advanced by Petitioner in his Petition, the first being that the Arizona "admin Per Se" statute violates the presumption of innocence, the "due process of law under the Fifth Amendment," and "abridge[s] people's privileges"; the second that the suspension of Petitioner's driving privileges was set to "go into effect on July 20, 2014" if he did not request a stay or a Motor Vehicle Department hearing; the third that Petitioner's conviction was obtained in violation of the Fifth Amendment double jeopardy clause; and the fourth that the evidence related to his license suspension was not admitted during his state trial. (Doc. 35 at 6, 9, 10, 11).

After a thorough analysis and review of the record, Judge Boyle found that Petitioner's claims were not cognizable, were unexhausted and procedurally defaulted without excuse, and failed because Petitioner could not prove his actual innocence. (Doc. 35 at 11-12). Judge Boyle accordingly found that Petitioner was not entitled to habeas corpus relief and recommends denial of his Petition. He further recommends denial of a Certificate of Appealability and leave to proceed *in forma pauperis* because "dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable" and because "Petitioner has not made a substantial showing of the denial of a constitutional right." (*Id.* at 12). The parties were advised by Judge Boyle that they had "14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court." (*Id.* (*citing* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72)).

**II.     Petitioner's Objection**

Petitioner timely filed his Objection (Doc. 36). Therein, he argues, as he did in his Petition, that he is innocent of the aggravated DUI charges he was convicted of because the suspended license he was driving on at the time of his July 2014 arrest was suspended via an Admin Per Se—a "fake piece of paper"—and without a hearing. (*Id.* at 2). Petitioner argues that when he received a second Admin Per Se on July 5, 2014, after being arrested for the underlying charges, he was provided a hearing before his license was suspended, unlike when he received his first Admin Per Se. (*Id.*) He argues "[i]f my drivers license

is not suspended in the second Admin per se, then what makes the state think that my drivers license got suspended in the first Admin per se. They are both the exact same pieces of paper both forms have the same value." (*Id.*)   He further argues that Due Process guarantees that his license can only be suspended after a court hearing (*id.* at 3), and that his conviction offends the double jeopardy clause because he was twice prosecuted for the same offense (*id.* at 4).[2] Petitioner makes no reference to Magistrate Judge Boyle's R&R in his Objection.

### III.   Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). Objections are to the R&R, and are not to "be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004). It is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'"

---

[2] Petitioner also advances arguments regarding the validity of his conviction for aggravated assault, claims that are currently being decided in another, separate federal habeas action. *See Aguilera v. Shinn*, 2:18-cv-02660-SHR-BGM. "A federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quotations and citations omitted). The Court lacks jurisdiction to review or decide questions in a case that is not before it. Petitioner's arguments regarding his aggravated assault conviction (Doc. 36 at 4-6) are therefore overruled and dismissed.

*Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

To enable district court review of an R&R, Rule 72(b)(2) also has a specificity requirement: namely, it requires parties make "*specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(2) (emphasis added). "[A]lthough the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (citing *See, e.g., Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). *See also McCullock v. Tharratt*, 2017 WL 6398611, at *1 (S.D. Cal. Dec. 15, 2017) ("[G]eneralized or blanket objections do not trigger the *de novo* requirement.").

**IV.     Analysis**

The Court finds that it has no independent obligation to engage in a *de novo* review of the R&R because Petitioner's Objection merely reiterates the arguments he makes in his Petition. (*See* Doc. 36 ("I am again going to explain to the courts and the State why my drivers license was valid.")). Indeed, Petitioner does not specifically challenge any findings or analysis made by Judge Boyle in the R&R. Judge Boyle's R&R clearly analyzed and reached conclusions on each of the grounds in Petitioner's Petition. (*See* Doc. 35 at 6-11). Petitioner seems to have paid this attention no mind, as he does not identify in his Objection where or how he thinks the Magistrate Judge went wrong. He simply repeats his Petition arguments. If this Court were to undertake *de novo* review of the arguments in Petitioner's Objection, which merely replicate the arguments he made in his Petition, it would entirely defeat the whole purpose of having magistrate judges assist the federal judiciary in these matters. Congress authorized district courts to refer matters to magistrate judges for hearings and report and recommendations, with district courts conducting *de novo* review

only of "those portions of the [magistrate's] report. . . to which objection is made." 28 U.S.C. § 636(b)(1). The "obvious purpose" of the specific objection requirement, "is judicial economy." *Haley v. Stewart*, 2006 WL 1980649, *2 (July 11, 2006) (citing *Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121). "This efficiency would be lost if parties were permitted to invoke the *de novo* review of the district court merely by interposing general, non-specific objections to the magistrate's R&R," *id.*, or, as in this case, by allowing the party "a second opportunity to present the arguments already considered by the Magistrate Judge." *Betacourt*, 313 F. Supp. 2d at 34.

In light of the foregoing, the Court deems the arguments Petitioner advances in his Objection ineffective objections to the R&R. *See id*. at *2 (citing *Thomas*, 474 U.S. 149). His failure to identify any flaws in the legal analysis of the R&R has the same effect as a complete failure to object. *See Warling*, 2013 WL 5276367, at *2 (citing *Howard*, 932 F.2d at 509; *Haley*, 2006 WL 1980649, at *2).

Although the Court could simply accept the R&R based upon this case law, it did not. The Court reviewed the R&R, the exhibits referenced therein, including the December 16, 2015, transcript of Petitioner's trial proceedings (Doc. 31-3 at 83), and the applicable law. The Court is left with the firm conviction that Magistrate Judge Boyle's recommendations are well taken and are supported by a correct application of the law throughout. Petitioner's Objection is therefore overruled.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection to the R&R (Doc. 36) is **OVERRULED**. Magistrate Judge Boyle's Report and Recommendation (Doc. 35) is **ACCEPTED** and **ADOPTED** as the Order of this Court. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Notice of Complaint and Motion for Status Update (Doc. 55) is **GRANTED**, insofar as this Order provides the status of Petitioner's Petition. The remainder of Petitioner's Post-Objection Filings (Docs. 37, 38,

41, 43, 46-48, 51, 54), construed as untimely, supplemental objections, are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 4th day of May, 2021.

Honorable Diane J. Humetewa
United States District Judge